**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**LAFAYETTE DIVISION at Hammond**

| | | |
|---|---|---|
| AARON RIGSBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:24-cv-23-PPS-AZ |
| | ) | |
| ALL SEASONS RESTORATION, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**FINDINGS, REPORT, AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE PURSUANT TO**
**28 U.S.C. § 636(b)(1)(B) & (C) and Local Rule 72-1**

This matter is before the Court *sua sponte*. On August 9, 2025, a Clerk's Entry of Default was entered against defendant All Seasons Restoration, LLC. DE 9. Before a default judgment was granted, the defendant filed an answer. DE 13. Thereafter, the parties appeared for a Rule 16 Preliminary Conference and indicated their intent to cooperate and proceed through resolving the case on the merits. DE 18. Deadlines were set, discovery was commenced, and the case is now set for a judicial settlement conference on June 10, 2026. DE 23. However, the entry of default was never vacated.

Under Rule 55 of the Federal Rules of Civil Procedure, a court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). The Seventh Circuit has established a three-element test that the moving party must establish to set aside a default: (1) good cause for setting aside the default; (2) quick action to correct the entry of default and (3) a meritorious defense to the complaint or claim. *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630-631 (7th Cir. 2009). This standard is more

lenient than the standard for setting aside a default judgment, and courts must be mindful of the preference to resolve cases on their merits rather than by default judgment. *See Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.,* 961 F.3d 942, 948-49 (7th Cir. 2020); *Cracco,* 559 F.3d at 631. A lower court's decision to set aside a default is given "great deference" and will only be reversed if the court abused its discretion. *Swaim v. Moltan Co.,* 73 F.3d 711, 722 (7th Cir. 1996); *Sun v. Bd. of Trs. of the Univ. of Ill.,* 473 F.3d 799, 810 (7th Cir. 2007).

Here, because the parties are fully committed to resolving the case through settlement, and they have proceeded through the judicial process as if the default was already vacated, there is clearly good cause to set it aside and an absence of any prejudice to either party.

Accordingly, the Court **RECOMMENDS** that the District Court **VACATE** the entry of default [DE 8].

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.,* 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger,* 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corp.,* 882 F.2d 258, 260-261 (7th Cir. 1989); *Lebovitz v. Miller,* 856 F.2d 902, 905 n.2 (7th Cir. 1988).

SO ORDERED this 9th day of August 2025.

/s/ *Abizer Zanzi*
MAGISTRATE JUDGE ABIZER ZANZI
UNITED STATES DISTRICT COURT